Homestead Exemption — Waiver — Exemption The language of 59 O.S. 1324 [59-1324] (1968), providing that homesteads may be accepted as security for appearance if the homestead exemption is in writing does not apply to the exemption from ad valorem taxes as defined in 68 O.S. 2407 [68-2407] (1968). The Attorney General has under consideration your letter dated January 12, 1968 wherein you request an official opinion on the following question: Does the waiver of homestead exemption in writing as provided in 59 O.S. 1324 [59-1324] (1967), waive the rights of the parties thereto to claim the homestead exemption from taxation as provided in 68 O.S. 2407 [68-2407] (1967)? The waiver signed by the parties is as follows: "WAIVER OF HOMESTEAD EXEMPTION Comes now — and — owners of the real property described in this undertaking, and state(s) that the same is their-his-her homestead, and that he hereby waive(s) homestead exemption in and to such property." The waiver of homestead exemption is a part of the affidavit for property bond. 59 O.S. 1324 [59-1324] (1967), provides, in part, as follows: "Where the undertaking is a property bond whether posted by a bail bondsman, the defendant personally, or by any other person, said bond shall give the legal description of the property, the assessed valuation, the amount of encumbrances, if any, and the status of the legal title, all by affidavit. Any property located within the county wherein the bail is allowed, that is subject to execution shall be accepted for security on a property bond for the market value of the property. Market value is defined to be four times the assessed valuation of the property as recorded on the tax rolls, less any encumbrances thereon, provided, that homesteads may be accepted as security for appearance if the homestead exemption is waived in writing. Such waiver shall be verified and executed by the spouse, if any: . . ." There can be no question that the purpose of executing the bond is for security. It is further obvious that the purpose of the waiver is to provide an exception to the exemption allowed at 31 O.S. 1 [31-1] (1961), from attachment or execution or other species of forced sale. There is no language in 59 O.S. 1324 [59-1324] (1967), to the effect that the homestead rights are totally lost. There is no specific language in said statute that the rights to exemption from ad valorem taxation is affected. There is no specific language in said statute that the homestead rights are extinguished, so as to enable other creditors to levy against said property. 40 C.J.S., Homestead, Section 188, provides in part: "Generally a special waiver of homestead right in favor of one creditor operates only in his favor, and only as to the particular debts as to which the waiver is made. Such a waiver does not convey an estate; it merely denies the right to claim the homestead exemption. "A valid special waiver of homestead rights terminates the homestead exemption to the extent of the waiver. It enables the creditor in whose favor it is made to collect his debt out of the homestead property. It does not, however, increase or diminish the amount of the debt due from the homesteader, and it does not convey an estate, . . . except in jurisdictions where a special waiver of homestead rights in favor of one creditor operates as an abandonment or a general waiver as to other or certain other creditors, a mortgage or other encumbrance on the homestead, waiving homestead exemption in favor of one creditor operates only in his favor, or his privies or successors in interest, in the absence of specific intent that it shall not so operate ." The intention of the parties regarding homestead is the controlling factor, ascertainable from the circumstances surrounding the particular transaction in determining its character. In this regard see Hildebrand v. Harrison, Okl., 361 P.2d 498, and Kunauntubbee v. Greer, Okl.,323 P.2d 725. It is obviously the intention of the parties executing the waiver to waive only their right to claim the homestead exemption regarding attachment, execution and other forced sales in favor of the obligee only. The execution thereof does not convey an estate in the land. It merely denies the right to claim the homestead exemption in the event the land is levied upon as a result of the failure of the defendant to appear. The purpose of the above statute permitting the waiver was to make property otherwise exempt available as security on a property bond. If it had been the Legislature's intention to cause the total homestead rights to terminate, certainly the Legislature would have so indicated in passing 59 O.S. 1324 [59-1324] (1967). This the Legislature did not do. It therefore appears that a special waiver of homestead rights in favor of an obligee operates only in his favor and does not affect homestead rights regarding other creditors and ad valorem taxes. Therefore, it is the opinion of the Attorney General that the language of 59 O.S. 1324 [59-1324] (1967), providing that homesteads may be accepted as security for appearance if the homestead exemption is waived in writing does not apply to the exemption from ad valorem taxes as defined in 68 O.S. 2407 [68-2407] (1967). (W. Howard O'Bryan Jr.)